IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY SAUL ROSALES,

    Petitioner,                    No. 2: 10-cv-2958 MCE KJN P

    vs.

GARY SWARTHOUT,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus. Petitioner challenges the 2008 and 2009 decisions by the California Board of Parole Hearings ("BPH") finding him unsuitable for parole. On December 10, 2010, this action was administratively stayed. For the following reasons, the stay is lifted and petitioner is ordered to show cause why this action should not be dismissed.

        *Background*

        On November 2, 2010, petitioner filed the original petition. Petitioner alleged that in 2008, the BPH found him unsuitable for parole. Following briefing, the California Court of Appeal found that there was no evidence to support the BPH's finding that petitioner remained a risk to public safety and granted habeas relief. The California Court of Appeal directed the BPH to conduct a new parole suitability hearing within 30 days. On November 4, 2009, the BPH held

1

a remedial suitability hearing and again found petitioner unsuitable for parole. Petitioner sought relief in state court from the 2009 suitability hearing. The superior court granted petitioner relief on September 30, 2010, after finding that the record did not contain "some evidence" to support the finding that petitioner remained a risk of danger. The superior court directed the BPH to conduct a new parole hearing. At the time petitioner filed the original federal petition, the BPH had not yet conducted the suitability hearing ordered by the superior court.

In the original petition, petitioner stated that he was filing a "protective" petition because it was unclear whether a later challenge to the 2008 and 2009 BPH decisions finding him unsuitable would be timely. In the original petition, petitioner also stated that he was raising a claim that the 2008 and 2009 decisions by the BPH were not supported by sufficient evidence.

On November 22, 2010, the undersigned directed respondent to file a response to the original petition. On December 6, 2010, the parties filed a stipulation to stay this action pending resolution of petitioner's challenges in state court to the 2008 and 2009 decisions by the BPH finding him unsuitable. On December 10, 2010, the undersigned ordered this action stayed pursuant to the stipulation.

On August 29, 2011, petitioner filed a status report stating that on July 21, 2011, the BPH conducted a suitability hearing pursuant to the September 30, 2010 order by the superior court. At this hearing, the BPH found petitioner suitable for parole. Petitioner stated that the Governor had until December 18, 2011 to review this decision.

On September 6, 2011, the undersigned ordered petitioner to file a further status report on or before December 23, 2011. In the status report filed December 28, 2011, petitioner states that on December 16, 2011, the Governor reversed the grant of parole.

*Discussion*

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 863 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current

dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement."  Swarthout, 131 S. Ct. at 864.  In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding.  Id. at 864.  Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied."  Swarthout, 131 S. Ct. at 863-64.

        Petitioner's claims challenging the 2008 and 2009 decisions by the BPH finding him unsuitable for parole are foreclosed by Swarthout so long as petitioner had an opportunity to be heard at these hearings and was given a statement of the reasons why he was denied parole.  Accordingly, petitioner is ordered to show cause why his claims challenging the 2008 and 2009 suitability hearings are not foreclosed by Swarthout.  The court may address these claims even if petitioner has not fully exhausted state court remedies.  28 U.S.C. § 2254 (b)(2) (an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure to exhaust state court remedies).[1]

        Accordingly, IT IS HEREBY ORDERED that:

        1.  The stay in this action is lifted;

////

////

////

---

[1] A claim by petitioner challenging the 2011 decision by the Governor finding him unsuitable must be raised in a separate petition.  But see Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) (due process does not require Governor to hold second suitability hearing before reversing parole grant).

2. Within twenty-one days of the date of this order, petitioner shall show cause why this action should not be dismissed pursuant to <u>Swarthout</u>; respondent shall file a reply brief within fourteen days thereafter.

DATED: January 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ros2958.vac